IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**FILED**

JAN -6 2010

WILLIAM B GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

**DARRELL E. POPE,**

Plaintiff,

v.

No. CIV 09-032-RAW-SPS

**MIKE WEAVER, et al.,**

Defendants.

## OPINION AND ORDER

This action is before the court on a motion to dismiss plaintiff's third amended complaint, filed by Defendants Rice, Tomson, Johnson, Carson, and Murphy [Docket #40], and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's third amended complaint [Docket #17], the defendants' motion [Docket #40], plaintiff's response [Docket #42], and the defendants' reply [Docket #43].

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at the Okmulgee County Jail. The defendants are Mike Weaver, Maintenance Man; Sgt. Mary Carson, Detention Officer; Eddie Rice, Department Head of the Okmulgee County Sheriff's Office; Gaylan Murphy, Detention Officer at the Okmulgee County Sheriff's Office; Brandon Hines, Detention Officer; Shameka Johnson, Major of the Okmulgee County Sheriff's Office; and Reubon Tomson, Chief of the

Okmulgee County Sheriff's Office.

Plaintiff alleges he was housed in an unsafe environment while incarcerated in the Okmulgee County Jail. He is complaining that Defendant Weaver, a maintenance supervisor, falsely told inmates he had fixed a water leak that could have endangered plaintiff's safety, and even his life. Plaintiff contends some type of log book should have been used at the jail to document Weaver's two failed attempts to repair the leak. Plaintiff further asserts he should have been moved to another cell until the water leak was fixed. According to plaintiff, Defendants Johnson, Tomson, and Murphy neglected their responsibility to keep and review a log book to ensure the inmates' safety.

Plaintiff also claims that on February 15, 2008, at approximately 12:30 a.m., he was injured, presumably because Weaver failed to fix the water leak. Defendant Carson allegedly left plaintiff lying on a cold, wet floor for 1½ to 2 hours, because plaintiff would not sign papers stating he would be responsible for any medical bills.

## Defendants Weaver and Hines

On September 28, 2009, the court directed plaintiff to show cause for his failure to serve Defendants Mike Weaver and Brandon Hines within 120 days after filing the complaint, pursuant to Fed. R. Civ. P. 4(m) [Docket #44]. Plaintiff requested additional time to serve these two defendants, because he mistakenly had believed the United States Marshals Service would "go the extra mile" by using their technology to locate and serve them [Docket #45]. On November 17, 2009, the court granted plaintiff an additional 30 days to serve Defendants Weaver and Hines, but advised him that it was his responsibility to provide the defendants' addresses to the Marshals Service. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir.), *cert. denied*, 510 U.S. 875 (1993). Plaintiff has made no further efforts

2

to serve Weaver or Hines.

**Defendants Rice, Tomson, Johnson, Carson, and Murphy**

Defendants Rice, Tomson, Johnson, Carson, and Murphy have filed a motion to dismiss, alleging plaintiff's allegations do not rise to the level of conduct that is actionable under 42 U.S.C. § 1983. Plaintiff's various vague claims center around the defendants' alleged negligence or failure to act with respect to a water leak, log books, moving inmates from the cell with the leak, and calling for medical assistance. He asserts that because Defendant Rice was the sheriff, he should have made sure Defendant Weaver was a licensed plumber and that Defendant Carson was trained to handle emergency situations. Because Defendant Tomson was the chief of security, plaintiff alleges Tomson should have overseen the repair of the water leak as a security issue. Plaintiff also claims Defendants Hines and Murphy somehow violated his constitutional rights, although Hines covered plaintiff with a blanket until emergency medical services was called, and Murphy evaluated plaintiff's medical condition and called for medical assistance.

While the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), it need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citation omitted). "[L]iability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant and not upon mere negligence." *Murrell v. School Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1250 (10th Cir. 1999) (citing *Woodward*

3

*v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992)). The court must focus on the subjective and objective elements required of any Eighth Amendment claim.

> ... [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson v. McMillian*, 503 U.S. 1, 5 (1992); a prison officials's act or omission must result in the denial of "the minimal civilized measures of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993).
>
> The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson*, 501 U.S. at 297. To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Ibid; see also id.* at 302-03; *Hudson*, 503 U.S. at 8. In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety. *Wilson*, 501 U.S. at 302-03. . . .

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (footnote omitted).

Plaintiff argues in his response to the defendants' motion that he believes Defendant Carson's actions were deliberate, because she left him on the floor when he would not sign a statement that he was responsible for his medical bills. The alleged delay in plaintiff's medical treatment, however, "can only constitute an Eighth Amendment violation if there has been deliberate indifference *which results in substantial harm.*" *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)) (emphasis added). Here, plaintiff has made no allegations that he suffered substantial harm from the alleged delay.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional

4

violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this ___6th___ day of January 2010.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

5